# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL NO. 5:16-CR-00048-RLV-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TEDDY DWANE MCGEE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Motion for Inquiry as to Status of Counsel" (document # 86) filed on January 26, 2017. The Court held a hearing in this matter on February 1, 2017.

During the hearing, the Court heard from Defendant, appointed counsel Scott Gsell, and the Government. Defendant complains about his Guidelines computation including a firearm enhancement. He also states that Mr. Gsell has only met with him four or five times. Mr. Gsell credibly represents that he has met with Defendant on twelve occasions. He has also negotiated a plea agreement that significantly reduces Defendant's exposure.

The Court advised Defendant that he is entitled to appointed counsel, but not to counsel of his choice. The Court acknowledged the serious nature of the charges and penalties that Defendant faces, but advised him that appointment of new counsel would not change these circumstances.

"Because the right to choose counsel is not absolute, it necessarily follows that a defendant does not have an absolute right to substitution of counsel. As a general rule, a defendant must

show good cause in requesting a new appointed lawyer." United States v. Mullen, 32 F.3d 891, 895 (4th Cir. 1994). Here, Defendant's complaints do not establish good cause for the Court to appoint new counsel. Based upon the foregoing, the Court finds no basis to remove Mr. Gsell as appointed counsel.

The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Richard L. Voorhees

**SO ORDERED**.

Signed: February 1, 2017

David S. Cayer
United States Magistrate Judge