# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CRIMINAL ACTION NO. 5:16-CR-00048-KDB-DSC-3

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| TEDDY DWANE MCGEE, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Teddy Dwane McGee's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1), the First Step Act of 2018, and the Coronavirus Aid, Relief, and Economic Security (CARES) Act of 2020. (Doc. No. 161). Having carefully reviewed the Defendant's motion and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence.

In 2016, Defendant pled guilty to one count of conspiracy to distribute, possess with intent to distribute a mixture of methamphetamine. (Doc. No. 58). He was sentenced to 120 months plus five years of supervised release. (Doc. No. 105).

Defendant is a 46-year-old male serving his prison sentence at FCI Beckley[1] in West Virginia. His current projected release date is April 4, 2025. Defendant bases his current motion on the threat posed by the COVID-19 pandemic and states that he suffers from hypertension, diabetes and obesity which place him at a greater risk of death from COVID-19 complications. (Doc. No.

---

[1] According to the Bureau of Prison's (BOP) website, FCI Beckley currently has zero inmates and zero staff with confirmed cases of COVID-19. There have been no inmate deaths and no staff deaths, while 194 inmates have recovered and 142 staff have recovered. Additionally, at FCI Beckley, 1,188 inmates have been fully inoculated and 252 staff have been fully inoculated.

161, at 2). According to his Presentence Investigation Report that was filed in January, 2017, Defendant stated that he had a hernia from 2015 and had some dental issues. (Doc. No. 83, ¶ 81). Defendant fails to provide his BOP medical records to substantiate his medical claims. Therefore, the Court will not consider the merits of his claim.

Defendant also claims that he needs to be released due to family circumstances. (Doc. No. 161, at 3). He states that a longtime girlfriend and the mother of one of his five children recently had both legs amputated and cannot look after her minor child. Again, Defendant furnishes no evidence. Furthermore, Defendant has a brother and a sister who live in Granite Falls, North Carolina and Hickory, North Carolina, respectively, who could look after the minor child. (Doc. No. 83, ¶ 76).

In response to the COVID-19 pandemic, the President signed the CARES Act into law on March 27, 2020. Pub. L. 116-136, 134 Stat 281, 516. Section 12003(b)(2) of the Act gives the Director of the BOP authority to lengthen the maximum amount of time a prisoner may be placed in home confinement under 18 U.S.C. § 3624(c)(2) during the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP. On April 3, 2020, the Attorney General issued a memorandum to the Director of the BOP making that finding and directing the immediate processing of suitable candidates for home confinement. However, nothing in the CARES Act gives the Court a role in determining those candidates. *See United States v. Caudle*, 740 F. App'x 364, 365 (4th Cir. 2018) (district court lacks authority to govern designation of prisoners under § 3624(c)(2).

**IT IS, THEREFORE ORDERED**, Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)," (Doc. No. 161), is **DENIED** without prejudice to a renewed motion properly supported by evidence.

**SO ORDERED.**

Signed: April 14, 2022

Kenneth D. Bell
United States District Judge